UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARA FL PROPERTIES, LLC,

    Plaintiff,

v.                            CASE NO.: 8:12-cv-12-T-33AEP

TERRY RICHARDS,

    Defendant.
_____/

**ORDER**

The Court considers this matter sua sponte consistent with its obligation, as a court of limited jurisdiction, to inquire into its jurisdiction at the earliest possible stage of the litigation. See Kirkland v. Midland Mort. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001)(citing Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)). After doing so, the Court remands this matter to state court pursuant to 28 U.S.C. § 1447(c), which states, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

I.    **Factual Background**

Cara FL Properties, LLC, a landlord, filed its Complaint against Terry Richards, its tenant, on January 3, 2012, in the Sixth Judicial Circuit in and for Pinellas County. (Doc. # 2). Cara FL Properties, LLC's Complaint contains a count for

eviction of holdover tenant and seeks money damages in the amount of $1,350.

Richards filed his pro se Notice of Removal on January 5, 2012. (Doc. # 1). Richards characterizes this case as a Fair Housing Act case and also suggests that this Court has jurisdiction based upon diversity of citizenship.

II. **Legal Standard**

A defendant may remove a case filed in state court to federal court "if the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." Total Fleet Solutions, Inc. v. Nat'l Crime Ins. Bureau, 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009). Furthermore, a plaintiff's right to choose his forum carries more weight than a defendant's right to remove. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Uncertainties concerning the propriety of removal are resolved in favor of remand. Id. (citations omitted). A defendant's burden of proof is therefore a heavy one. Id.

In addition to bearing the burden of proving original jurisdiction, removing defendants are also faced with strict

2

jurisdictional requirements. Federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the constitution." <u>Bochese v. Town of Ponce Inlet</u>, 405 F.3d 964, 974 (11th Cir. 1994). Generally, the district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

As stated in <u>Merrell Dow Pharm, Inc. v. Thompson</u>, 478 U.S. 804, 808 (1986), "the question of whether a claim arises under federal law must be determined by reference to the well pleaded complaint." The Supreme Court has explained that "[u]nder the longstanding well-pleaded complaint rule, . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." <u>Vaden v. Discover Bank</u>, 129 S. Ct. 1262, 1272 (2009) (internal citations omitted). The well-pleaded complaint rule makes the plaintiff the master of his own claim. <u>Burns</u>, 31 F.3d at 1095. The plaintiff may avoid federal jurisdiction by exclusive reliance on state law, and potential defenses involving the Constitution or laws of the United States are ignored during the jurisdictional evaluation. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987); <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 6

3

(2003).

## III. **Discussion**

Reference to Plaintiff's Complaint decisively demonstrates that this Court lacks subject matter jurisdiction. This eviction action raises no federal question, and Defendant's reference to the Fair Housing Act in the Notice of Removal does not convert this state court action into a federal case.

Evaluation of the Complaint also dispels Defendant's contention that diversity jurisdiction is present. Assuming that Plaintiff is a foreign corporation and Defendant is a Florida resident, the amount in controversy, as alleged in the Complaint is only $1,350.[1] In addition, even if the amount in controversy requirement were satisfied, Defendant, a Florida resident, is barred from removing this action based upon the forum defendant rule. See 28 U.S.C. § 1441(b). Accordingly, upon reviewing the Complaint, the Court remands this action to the state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

---

[1] Defendant states in the Notice of Removal that he is a Florida resident and that Plaintiff is a Delaware Limited Liability Company with its principal place of business in New York. (Doc. # 1 at 4-5).

1) The Clerk is directed to **REMAND** this case to the Sixth Judicial Circuit in and for Pinellas County, Florida.

2) The Clerk is directed to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>9th</u> day of January, 2012.

                                              VIRGINIA M. HERNANDEZ COVINGTON
                                                  UNITED STATES DISTRICT JUDGE

Copies to: All counsel and parties of record